# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0548
Lower Tribunal No. 2024-CA-001896

_____

SHERI HARRIS,

Appellant,

v.

GREGORY LAGANA,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Christine H. Greider, Judge.

March 13, 2026

BROWNLEE, J.

Appellant Sheri Harris appeals a final order dismissing without prejudice her complaint against her former husband, Appellee Gregory Lagana.[1] Appellant argues the lower court erred in reading the parties' marital settlement agreement as designating New Jersey as the exclusive forum for any disputes arising under it. She

---

[1] Though the dismissal was without prejudice, the order has the effect of finality, as it would require Appellant to file a new action to further pursue her claims. *See Fla. Dep't of Corr. v. Jones*, 410 So. 3d 128, 130 n.1 (Fla. 6th DCA 2025) (citation omitted). We have jurisdiction. Art. V., § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A).

asserts the MSA dictates only a choice of the law to be applied and not a choice of mandatory forum. We do not reach the merits of this argument because an inadequate record precludes Appellant from showing it was preserved.

In her briefing, Appellant asserts she raised the issue both in her response to Appellee's motion to dismiss and at the hearing on that motion. Appellant's response, however, does not mention the argument raised on appeal, and we have no transcript of the hearing on Appellee's motion to dismiss.

It is true that where the issue is one of law and the hearing is non-evidentiary, a lack of transcript is not always fatal to the appeal. *See, e.g.*, *Creative Hardscapes, LLC v. Prawdzik*, 397 So. 3d 163, 168–69 (Fla. 6th DCA 2024). Even for purely legal issues, though, the lack of a transcript may frustrate review, and require affirmance where the record is otherwise insufficient to demonstrate that the argument advanced on appeal was timely articulated below, i.e., through a written filing. *See Leff v. Larez*, 422 So. 3d 625, 627 (Fla. 3d DCA 2025) ("[The appellant's] Motion to Set Aside the Default does not argue failure to give notice of an application for a default, and we have no transcript to verify if [he] orally raised this issue at the hearing on that motion. So we must affirm.").

Here, there is no filing that demonstrates the argument raised on appeal was presented below.[2] Further, the lack of transcript prevents us from knowing what arguments were presented at the hearing on Appellee's motion to dismiss, and thus from discerning whether Appellant's argument on appeal was ever presented to the lower court. Accordingly, we must affirm. *See Leff*, 422 So. 3d at 627.

AFFIRMED.

STARGEL and NARDELLA, JJ., concur.


Lynn R. Emerson, of BusinessLegal, PC, Cape Coral, for Appellant.

D. Keith Wickenden and M. Travis Hayes, of Gunster, Yoakley, & Stewart, P.A., Naples, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2] Appellant's argument concerning choice-of-law versus choice-of-forum does appear in Appellant's motion for reconsideration and amended motion for reconsideration. That original motion was filed after the trial court's oral ruling, but before the trial court rendered its final order. Appellant, however, withdrew that motion before obtaining any ruling on it and thus did not preserve her argument through this filing. *See Pisano v. Mayo Clinic Fla.*, 333 So. 3d 782, 788 (Fla. 1st DCA 2022) ("[B]ecause Appellants withdrew their motion for rehearing, the issues raised therein are not before us." (internal citations omitted)); *see also Chipchak v. Gauvin*, 393 So. 3d 277, 279 (Fla. 5th DCA 2024) (holding that because the appellant withdrew an otherwise meritorious motion to set aside a judgment, he waived that argument).